TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel:    (718) 762-1324
*Attorneys for Plaintiff, the proposed*
*FLSA Collective, and potential Rule 23 class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
BO QU,
*individually and on behalf of others similarly*
*situated,*
                                    *Plaintiff,*


                    -against-
WENDY NAIL & SPA INC.
        d/b/a Wendy Nail & Spa, and
YINDI WEN
                                    *Defendants.*
-------------------------------------------------------X

**Case No: 16-cv-5316**

**29 U.S.C. § 216(b) COLLECTIVE**
**ACTION & F.R.C.P. 23  CLASS**
**ACTION**

**COMPLAINT**

Plaintiff BO QU, individually and on behalf of others similarly situated (collectively the "Plaintiff"), by and through his attorney, Troy Law, PLLC, hereby brings this Complaint against Defendants WENDY NAIL & SPA INC d/b/a Wendy Nail & Spa and YINDI WEN (collectively the "Defendants") and alleges as follows:

<u>**INTRODUCTION**</u>

1.  This action is brought by Plaintiff, on behalf of himself as well as other similarly situated employees, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.  Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants:

    (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) liquidated

damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

3.  Plaintiff further alleges pursuant to New York Labor Law § 650 *et seq.* and 12 New York
    Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the
    Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation,
    (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a
    Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars
    ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and
    truthfully lists employee's hours along with the name, employer's name, employer's
    address and telephone number, employee's rate or rates of pay, any deductions made from
    employee's wages, any allowances claimed as part of the minimum wage, and the employee's
    gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid
    minimum wage, unpaid overtime in the amount of twenty five percent under NYLL §§190
    *et seq.*, §§650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft
    Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment
    interest, and (8) attorney's fees and costs.

## <u>JURISDICTION AND VENUE</u>

4.  This Court has original federal question jurisdiction over this controversy under 29 U.S.C.
    §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor
    Law claims pursuant to 28 U.S.C. § 1367(a).

5.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and
    (c), because Defendants conduct business in this District, and the acts and omissions giving
    rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF**

6. Plaintiff BO QU ("QU") was employed by WENDY NAIL & SPA INC d/b/a Wendy Nail & Spa at 3578 Long Beach Road, Oceanside, NY 11572 as a driver and nail saloon employee.

**DEFENDANTS**

*Corporate Defendant*

7. Defendant WENDY NAIL & SPA INC d/b/a Wendy Nail & Spa is a domestic business corporation organized under the laws of the State of New York with a principal address at 3578 Long Beach Road, Oceanside, NY 11572.

8. Defendant WENDY NAIL & SPA INC d/b/a Wendy Nail & Spa is an enterprise engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

9. Defendant WENDY NAIL & SPA INC d/b/a Wendy Nail & Spa produces, purchases and handles goods moved in interstate commerce.

*Owner/ Operator Defendants*

10. The Individual Defendant, as an officer, director, manager and/or majority shareholder or owner of the Corporate Defendants WENDY NAIL & SPA INC d/b/a Wendy Nail & Spa is individually responsible for unpaid wages under the New York Business Corporation Law.

11. YINDI WEN, known as "Lady Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment of employees, and (4) maintained employee records.

12. YINDI WEN is the Appearance Enhancement Business principal of WENDY NAIL & SPA, INC. d/b/a Wendy Nail & Spa.

13. YINDI WEN did hire Plaintiff, and did pay Plaintiff on each payday.

14. Owner/ Operator Defendant YINDI WEN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with WENDY NAIL & SPA INC d/b/a Wendy Nail & Spa.

## STATEMENT OF FACTS

**Plaintiff BO QU**

15. Plaintiff BO QU was employed from on or about November 1, 2013 to September 2, 2016 by WENDY NAIL & SPA INC d/b/a Wendy Nail & Spa.

16. From on or about November 1, 2013 to September 2, 2016, Plaintiff BO QU regularly worked from:

    a. 09:00 to 22:10 for thirteen (13) hours and ten (10) minutes per day for six (6) to seven (7) days a week, with the day off unfixed if Plaintiff did get the day off.

17. Plaintiff BO QU's work schedule is as follows:

    a. At 09:00 Plaintiff BO QU would drive from home to Kissena and 495 to pick up other WENDY NAIL & SPA INC d/b/a Wendy Nail & Spa employees at 09:20.

    b. At 10:00, WENDY NAIL & SPA INC d/b/a Wendy Nail & Spa employees arrive at the store to work. Plaintiff would work as a nail saloon employee.

    c. At 21:00, when WENDY NAIL & SPA INC d/b/a Wendy Nail & Spa finish the day's work, Plaintiff would drive five (5) to six (6) employees from the store back to Flushing.

    d.   At around 22:00, Plaintiff BO QU would arrive in Flushing.

    e.   Then, Plaintiff BO QU would park the car by 22:10.

18. Plaintiff BO QU worked seventy nine (79) hours to ninety two (92) hours and ten (10) minutes each week, depending on whether he worked six (6) or seven (7) days.

19. At all relevant times, Plaintiff BO QU was paid in cash.

20. Between on or about November 1, 2013 to May 31, 2015, Plaintiff BO QU was paid seventy dollars ($70) for each day worked, plus thirty dollars ($30) for driving employees to work.

21. From on or about June 1, 2015 to November 30, 2015, Plaintiff BO QU was paid seventy five dollars ($75) for each day worked, plus thirty dollars ($30) for driving employees to work.

22. From on or about December 1, 2015 to September 2, 2016, Plaintiff BO QU was paid eighty dollars for each day worked, plus twenty dollars ($20) for driving employees to work.

23. At all relevant times, Plaintiff BO QU was not given any breaks.

24. At all relevant times, Plaintiff BO QU had no fix time for Plaintiff's meals, and would eat them within ten (10) minutes.

25. Throughout this time, Plaintiff BO QU was on call, so if customer comes in, Plaintiff's meal period ends.

26. Defendants never provided Plaintiff BO QU with a full and accurate written notice, in English and in Chinese (Plaintiff BO QU's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).


## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this action individually and as class representative individually and on behalf

of all other and former non-exempt employees for up to the last three (3) years, through

entry of judgment in this case (the "Collective Action Period") and whom were subject to

minimum wage and/or overtime compensation shortfall (the "Collective Action Members").


## CLASS ACTION ALLEGATIONS

28. Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C.

    P.") Rule 23, on behalf of all non-exempt deliverymen employed by Defendants on or after

    the date that is six years before the filing of the Complaint in this case as defined herein (the

    "Class Period").

29. All said persons, including Plaintiff, are referred to herein as the "Class."

30. The Class members are readily ascertainable. The number and identity of the Class members

    are determinable from the records of Defendants, including the weekly paystubs issued to

    employees.

31. The hours assigned and worked, the positions held, and the rate of pay for each Class

    Member is also determinable from Defendants' records. For purpose of notice and other

    purposes related to this action, their names and addresses are readily available from

    Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

**Numerosity**

32. The proposed Class is so numerous that joinder of all members is impracticable, and the

    disposition of their claims as a class will benefit the parities and the Court. Although the

    precise number of such persons is unknown, and the facts on which the calculation of the

    number is presently within the sole control of the Defendants, upon information and belief,

    there are more than forty (40) members of the class.

**Commonality**

33. There are questions of law and fact common to the Class which predominate over any
    questions affecting only individual class members, including:

    a.  Whether Plaintiff and Class members are paid at least the minimum wage for
        each hour worked under the New York Labor Law;

    b.  Whether Plaintiff and Class members are entitled to and paid overtime at at
        least one and one half times the minimum wage under the New York Labor
        Law;

    c.  Whether Defendants maintained policy, pattern and/or practice of failing to
        provide requisite statutory meal periods;

    d.  Whether Defendants provided a Time of Hire Notice detailing rates of pay and
        payday at the start of Plaintiff and the Rule 23 Class's start of employment
        and/or or timely thereafter; and

    e.  At what common rate, or rates subject to common method of calculation was
        and is Defendants required to pay the Class members for their work.

**Typicality**

34. Plaintiff's claims are typical of those claims which could be alleged by any member of the
    Class, and the relief sought is typical of the relief that would be sought by each member of
    the Class in separate actions. All the Class members were subject to the same corporate
    practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime
    compensation, unlawful kickbacks and illegal tip retention.

35. Defendants' corporate wide policies and practices affected all Class members similarly, and
    Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class

member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

**Adequacy**

36. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour employment litigation cases.

**Superiority**

37. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the

individual members of the Class, establishing incompatible standards of conduct for

Defendants and resulting in the impairment of class members' rights and the disposition of

their interests through actions to which they were not parties.  The issues in this action can

be decided by means of common, class-wide proof. In addition, if appropriate, the Court

can, and is empowered to, fashion methods to efficiently manage this action as a class

action.

38. Upon information and belief, Defendants and other employers throughout the state violate

the New York Labor Law.  Current employees are often afraid to assert their rights out of

fear of direct or indirect retaliation.  Former employees are fearful of bringing claims

because doing so can harm their employment, future employment, and future efforts to

secure employment.  Class actions provide class members who are not named in the

complaint a degree of anonymity which allows for the vindication of their rights while

eliminating or reducing these risks.


## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Minimum/Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

39. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

40. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory

minimum wage to Plaintiff and the similarly situated collective action members, for some or

all of the hours they worked.

41. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall

be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

42. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.


## COUNT II.
### [Violation of New York Labor Law—Minimum Wage
### Brought on behalf of Plaintiff and Rule 23 Class]

43. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

44. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

45. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

46. Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

47. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

### COUNT III.
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

48. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

50. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

51. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

52. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

53. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

54. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

55. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT IV.
## [Violation of New York Labor Law—Overtime Pay
## Brought on behalf of Plaintiff and Rule 23 Class]

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

58. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times the hourly rate the Plaintiff and the class are entitled to.

59. Defendant' failure to pay Plaintiff and his overtime pay violated the NYLL.

60. Defendants' failure to pay Plaintiff was not in good faith.

## COUNT V.
**[Violation of New York Labor Law—Record-Keeping Requirements
Brought on behalf of Plaintiff and Rule 23 Class]**

61. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62. Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

63. As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

64. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

65. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff was not in good faith.


## COUNT VI.
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement
Brought on behalf of Plaintiff and Rule 23 Class]**

66. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer;

the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

68. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his first day of employment.

69. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

70. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).


## COUNT VII.
### [Violation of New York Labor Law—New York Pay Stub Requirement Brought on behalf of Plaintiff and Rule 23 Class]

71. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

73. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide full and accurate paystub on or after each Plaintiff's payday.

74. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## COUNT VIII.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434 Brought on behalf of the Plaintiff]

75. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76. 26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

77. Due to Defendants' violations of 26 USC §7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT IX.
### [Civil damages for Deceptive Acts and Practices. Violations of New York General Business Law §349 Brought on behalf of the Plaintiff]

78. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79. NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

80. Due to Defendants' violations of NY GBS Law §349, Plaintiff is entitled to recover from Defendants, jointly and severally, her actual damages or fifty dollars ($50), whichever is greater, or both such actions.

81. Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

(a)  Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

(b)  Certification of this case as a collective action pursuant to FLSA;

(c)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to

Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

(d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA, NYLL and CGS;

(e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

(f)      An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

(g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

(h)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

(i)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

(j)      Reimbursement of reasonable out-of-pocket costs sustained by Plaintiff and similarly situated deliverymen in the purchase, maintenance and repair of their delivery electric bicycle in direct service of Defendants;

(k)      An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, pursuant to New York Labor Law;

(l)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

(m)      The cost and disbursements of this action;

(n)      An award of prejudgment and post-judgment fees;

(o)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

(p)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.


Dated: Flushing, New York
           September 24, 2016

                                                            TROY LAW, PLLC
                                                            *Attorney for the Plaintiff, proposed FLSA*
                                                            *Collective and Proposed Class Plaintiff*


                                                             /s/ John Troy
                                                            John Troy (JT0481)
                                                            41-25 Kissena Boulevard Suite 119
                                                            Flushing, NY 11355
                                                            Tel: (718) 762-1324
                                                            Email: johntroy@troypllc.com